# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| EDDIE BERNARD BRATTON, | ) | |
|---|---|---|
| Plaintiff | ) | |
| v. | ) | 1:09CV603 |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Eddie Bernard Bratton, a federal prisoner, has brought a motion for return of property. (Docket No. 2.) Plaintiff alleges in that motion that $3,000.00 was confiscated when he was arrested by "the State" in Guilford County, North Carolina. He claims that the State did not pursue charges, but instead allowed him to be prosecuted by the federal government. He asserts that all evidence and confiscated property was turned over to the federal government. Plaintiff now seeks to have his money returned to him. (Docket No. 2 § VII.)

Defendant has responded to Plaintiff's motion with a motion to dismiss the action. (Docket No. 9.) The time to file a response to Defendant's motion has long expired. Still, despite being informed of his right to file a response (Docket No. 11), Plaintiff has not done so. The matter is now before the Court for a ruling on the motion for return of property and the motion to dismiss.

Defendant largely agrees with Plaintiff's factual allegations. It states that Plaintiff was arrested by officers of the Greensboro Police Department (GPD) on September 30, 2007, December 27, 2007, and January 11, 2008 on various drug and firearms offenses. It adds that $1,460.00 was seized by the GPD at the time of the September arrest, while $1,375.00 was seized at the time of the January arrest. On February 25, 2008, a federal grand jury indicted Plaintiff on two counts of possession of a firearm by a felon in case 1:08CR43-1. Plaintiff later pled guilty to one of the charges in that case and was sentenced to 120 months of imprisonment.

Defendant does disagree with one of Plaintiff's assertions. It states that, upon receipt of the summons and complaint in this action, it sought a record of any federal administrative or judicial forfeiture of the currency seized from Plaintiff. However, none was located. Defendant then contacted the GPD, which confirmed that it had custody of the currency seized during its arrests of Plaintiff. (Docket No. 10 at 3.) Defendant states that the GPD seized the currency and, at all times following the seizures, has remained in custody of the currency. As it points out, there is no evidence that federal authorities ever directed the GPD to seize the money. Federal authorities have also not moved to forfeit the money, used it as evidence, or taken custody of it. (*Id.*)

As noted earlier, Plaintiff has not responded to Defendant's motion and, therefore, has not contested the fact that the Defendant does not possess the money in question and has

-2-

never been involved with the currency.[1] This means that Plaintiff cannot maintain his motion for return of property in this Court even though he was prosecuted in this Court. That fact alone is not enough to allow a motion for return of property to be brought here. *United States v. Copeman*, 458 F.3d 1070, 1071-72 (10th Cir. 2006). Also, the United States is not a proper party against which to bring an action in these circumstances. *United States v. Solis*, 108 F.3d 722, 723 (7th Cir. 1997). As the Fourth Circuit Court of Appeals has stated in a slightly different context, "the federal government, not having the [property], could not return [it]." *United States v. Presley*, 52 F.3d 64, 70 (4th Cir. 1995). If Plaintiff has any recourse at all regarding the money, it is in the state courts or through state administrative proceedings. He cannot proceed in this Court. Defendant's motion to dismiss should be granted and Plaintiff's motion for return of property should be denied.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for return of property (Docket No. 2) be denied, that Defendant's motion to dismiss (Docket No. 9) be granted, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: August 19, 2010

---

[1] The Court notes that there is no reason that the money ever would have come into federal custody. Plaintiff was arrested by the GPD on drug and weapons charges. Only weapons charges were ever brought in this Court. If the money was connected to any of Plaintiff's charges, it would have been drug charges lodged in the state courts, not the gun charges brought here.